UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHANNA GUTIERREZ,

      Petitioner,

v.

      Case No. 3:26-cv-778-MMH-MCR

ATTORNEY GENERAL, et al.,

      Respondents.

_____

## **ORDER**

Petitioner Johanna Gutierrez, an immigration detainee, filed through counsel a Petition for Writ of Habeas Corpus Under Title 28 U.S.C. § 2241 (Doc. 1) on April 7, 2026. A week later, on April 14, 2026, Gutierrez filed a Motion to Return [Gutierrez] to the Middle District of Florida Pending Resolution of Habeas Petition (Doc. 4). In the Motion, Gutierrez contends that "[s]ubsequent to the filing of this habeas action," she was transferred to a detention facility in El Paso, Texas, outside of this Court's jurisdiction, which may impede the implementation of relief if the Court grants her Petition. Id. at 4. Gutierrez asks the Court to direct Respondents to immediately return her to the Middle District of Florida. Id. at 6.

Because Gutierrez was detained within the Middle District of Florida when she filed this case, this Court retains jurisdiction despite her transfer.

See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); see, e.g., Elcock v. Streiff, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided."). And Gutierrez's assertion about "practical and administrative complications" of enforcing any favorable ruling are conclusory and speculative. Doc. 4 at 4. Because Gutierrez fails to show entitlement to the relief requested, the Motion is due to be denied.

Additionally, the Petition is not a model of clarity. It appears Gutierrez intends to argue that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is entitled to a bond hearing, but Gutierrez provides few facts. For instance, Gutierrez does not clarify when she entered the United States, whether or not she has a final order of removal, and whether she has sought a bond redetermination before an immigration judge.

2

Further, as Count Four, Gutierrez requests a temporary restraining order and preliminary injunction directing her release. Such a request should be made in a separate motion that complies with the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)).[1] See Local Rules 6.01, 6.02. Considering the above deficiencies, the Court will give Gutierrez an opportunity to file an amended petition.

Accordingly, it is **ORDERED**:

1.      Gutierrez's Motion to Compel (Doc. 4) is **DENIED**.

2.      The Petition (Doc. 1) is **STRICKEN without prejudice**. Gutierrez must file an amended petition by **April 30, 2026**.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 4/16
c:      Counsel of Record

---

[1] The Court reminds Gutierrez that temporary restraining orders are meant to "preserv[e] the status quo rather than grant[] most or all of the substantive relief requested in the complaint." Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1983).