UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHANNA GUTIERREZ,

        Petitioner,

v.                                                      Case No. 3:26-cv-778-MMH-MCR

ACTING ATTORNEY GENERAL
TODD BLANCHE, et al.,[1]

        Respondents.

_____

## **ORDER**

Petitioner Johanna Gutierrez, an immigration detainee,[2] initiated this

action through counsel by filing a Verified Petition for Writ of Habeas Corpus

Under Title 28 U.S.C. § 2241 (Doc. 1). She is proceeding on a First Amended

Petition for Writ of Habeas Corpus Under Title 28 U.S.C. § 2241 (Doc. 6;

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

[2] When Gutierrez filed the Petition, she was detained at Flagler County Jail located within the jurisdiction of the Middle District of Florida. Although she has since been transferred to a facility in El Paso, Texas, this Court retains jurisdiction. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); see, e.g., Elcock v. Streiff, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided.").

Amended Petition). Gutierrez is a citizen of Nicaragua who entered the United States on August 26. 2001. Id. at 2. In March 2026, United States Immigration and Customs Enforcement (ICE) took custody of Gutierrez and served her with a Notice to Appear. Id. Gutierrez raises various challenges to her immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 9.

Respondents filed a Response (Doc. 10; Response) asserting that they are now detaining Gutierrez under 8 U.S.C. § 1226(a), and conceding that to the extent she seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Gutierrez filed a counseled Reply (Doc. 11; Reply). She asks the Court, among other things, to accept Respondents' concession that she is entitled to a bond hearing and direct that she be afforded an individualized bond hearing within seven days. Reply at 2.

When Gutierrez was detained in March 2026, she was not seeking entry at the border; therefore, as Respondents now concede, she is not subject to § 1225 and instead is detained under § 1226. See id. at *21 (recognizing the "longstanding border-interior distinction" for purposes of immigration

detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is

**ORDERED**:

1.      Gutierrez's First Amended Petition for Writ of Habeas Corpus Under Title 28 U.S.C. § 2241 (Doc. 6) is **GRANTED** as to her claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[3] Within **seven days** of this Order, Respondents shall either afford Gutierrez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her. If Respondents release Gutierrez, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

---

[3] Because the Court finds that Gutierrez is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2.    The **Clerk** is directed to terminate any pending motions, enter judgment granting the Amended Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/2
c:
Counsel of Record

4